The third case for argument is Sandra Short et al. versus Billings County et al. Good morning. Tammy Norgaard here with the Vogel Law Firm out of Fargo, North Dakota. I am representing Billings County in this dispute. By way of introduction, this is a North Dakota case involving the use of QuickTake. And it's a type of condemnation, but North Dakota has a very specific kind of fast track of condemnation called QuickTake. The legislature only grants QuickTake to certain entities in limited circumstances. And one of those circumstances is granting of QuickTake to road authorities like counties to decide where they want county roads and bridges. Most importantly, in North Dakota state statute, when it allows a landowner to appeal a QuickTake, it's very specific, North Dakota Century Code 24.05.15, and it provides exactly how that's done. The state statute says that there can be no stay in a QuickTake appeal. There's no stay allowed. And so the reason we're here today is because the landowners went to federal court to seek a stay and were granted a stay by Judge Traynor. And so the reason we're here is because there's a significant concern in North Dakota that Judge Traynor's decision issuing a stay has changed North Dakota law. It's essentially, you know, redlined the entire statute, 24.05.15. And in responding to questions about it, the district court said, I don't agree with it. I don't agree. There has to be a judicial review. So in this case, we're concerned that it adds a new opportunity for landowners. There's a new page in their playbook to try to thwart condemnation in North Dakota. Let me follow up on your first argument there. So you're saying that because there's no provision for a stay under North Dakota law, that that supersedes the ability of a federal judge to grant a stay if he determines that it's appropriate? You know, if there was a reason that it would be appropriate under law, that might be one thing. But we don't have that in this case. What we have in this case, the issue that the district court looked at was they said that there's an ability to prevail on the contract, this 2021 settlement agreement. And I'm not arguing the merits. I'm just saying that the ability of a federal judge to say you're saying is conditioned on state law. I would say that perhaps in certain circumstances and certain egregious circumstances. Certainly, wouldn't there be authority for a federal court to do that in the case of a violation of federal constitutional level? Your Honor, there absolutely might be. In this case, we're talking about state condemnation law, which is a creature of state. It's delegated to counties, the right of condemnation. And it's very specific in the state law. There is no stay available. And so that's the concern here. This isn't, you know, expanding to a greater interpretation as it applies overall to other circumstances. I'm just looking at this circumstance where it's very, very directly addressed in state law and state condemnation law. I guess what I'm hearing is I'm hearing you make an argument bigger than what seems to be applicable to what's going on. I can see an argument that a stay would be inappropriate because there's an adequate remedy for the taking. The Constitution only prohibits a taking without just compensation so that there wouldn't be a reason to have injunctive relief. But you seem to be making a bigger, more powerful argument that there's no ability of the federal courts to provide injunctive relief when a state statute doesn't provide for it. I absolutely agree. I was hoping that our argument would mostly be devoted to the impact of the recent state court order. Happy to talk about that, Judge. And my comment was – We're starting out, we're asking for the moon, frankly. You know, my comment was – subject to Supreme Court review, that your state law is preempted, for lack of a better word, and we're not going to do that. Your Honor, that certainly was not my intent. My intent was just to say why we're here. There's a concern that there's a change, that the federal district court is changing state law. That was my only point. I wasn't trying to make it some dramatic – He hasn't done that yet. Let's go to what I think is the main issue here. Why doesn't the recent state court order require us to reverse and remand? Your Honor, I think that you certainly can reverse. We're asking you to reverse the preliminary injunction, remand with instruction. In this case, I'm asking the court to actually make the decision at this point. I have some concern with the language that's been used by the district court in this case, the fact that the court has blatantly said, I don't agree with the law. We're not going to do that. Let's get down to what's left, what the Supreme – the state court has ruled that the transfer – the no transfer agreement is not going to stop this condemnation, right? Right, right. And that there's public use, and we're going to have a trial on necessity. Right. So what role does the federal court have now? I don't think the court is going to have any further role. I would like – I think it potentially does, because the state court carefully said, we're not deciding if the transfer agreement – whether there's any remedy for the unenforceable transfer agreement. And there might be. And that might be still a case in the federal – I mean, the claim is in the federal court, and for some reason the plaintiffs didn't – they didn't want to bring the thing in. Well, they may have been barred by administrative review limitations. But they can still ask for damages for, you know, I think. Your Honor, I guess – The state court hasn't prevented that and hasn't precluded or enjoined the federal court from doing that. There are five claims before the federal court. I think four of them have been effectively addressed with the state court's ruling. The federal court was saying, I'm going to let the state – I'm abstaining, I'm going to let the state court move forward with this. And this is where I think that there's an error with the federal district court is that – I've seen there's five claims and only one's at issue. I think that's hogwash. I mean, tell me what's at issue. The contract claim is at issue. Okay, so – What else is at issue of potential federal jurisdictions? There was one federal claim brought, public use. That's been – What's the – what is it? There's five claims brought. Breach of contract, promissory estoppel, federal, public use challenge, state, public use challenge, and public necessity. And the order that came out by the state court, because the federal district court said, I'm going to abstain. Give me the one that's left. Are you saying – Public necessity. What? Public necessity. Under federal law? No, it's not subject to challenge under federal law. What the plaintiffs brought is a state law public necessity challenge in federal court. And that's the only thing left in federal court as I see it. And when, you know, when we look at what is – what's left with a breach of contract, there has to be a contract to have a breach of contract claim left in federal court. And if there can be no contract to contract – They didn't say there was no contract. They said it's unenforceable. The case law that I've cited and Judge Haroff said the case law is replete. This is unique. The case law has suggested you cannot contract away eminent domain, and any attempt to do so would make that contract void, meaning there is no contract. I mean, I – Yeah. You know, the state law – Okay, but the state court didn't decide that. The state court said to the – well, because there wasn't an affirmative breach of contract claim brought. Yes. Very carefully. It's in the federal court. It's in federal court. We moved for summary judgment on their defense, and their defense in state court was, based on the contract, the – I know that. So it's the same claim. It brought affirmatively versus defensively. I don't understand how this injunction, this federal injunction, can possibly survive the state court order on very narrow basis. I agree. Not we want everything but the moon that you're arguing from the federal court. I absolutely – You're not going to get that. I absolutely agree that this should be reversed with instruction to vacate the preliminary injunction. Well, give me the argument then for me. Well, and – but alternatively, I'm asking for this court to actually make the decision and get the instruction.  I'm not going to – I mean, my colleagues can overrule me, but I'm not going to do it. Okay. Judge, I think – I'm going to decide this case. And if my colleagues want to do more, then they can do more. I appreciate that. I think that this case does need to be overruled. I think that having this precedent with the district court saying there's a preliminary injunction on the merits, the court looked at – he said that there was on the merits of the breach of contract claim, the court said, I'm only looking at the four corners of this document. That's all I'm looking at. I'm not going to look at anything else. And I'm going to find that on the four corners of the document. And I'm saying you can't do that, first of all, because, one, that wasn't the intent of the document at all. The district court enjoined a condemnation without saying so.  And a federal court enjoining an ongoing condemnation under state law, that won't fly once in 10 million times. I appreciate that. And so what did he do? He said, no, their agents can't walk on the land. Right. Which effectively, now the state court, at the end of this trial, at the end of the year, says title is in Billings County. Title is already in Billings County. By nature of quick take, when we do the deposit – I understand that, but that's under review. Yep, right. All right. So at the end of the review, which is going to include a trial on a state constitutional issue, then the effect, the quick take will become effective. So now what are we supposed to do? If the district court's injunction is still alive at that time, then we have true federal interference with a state court proceeding. I don't see how that can be justified under federal law, certainly not under state law, but under abstention and other relevant principles. I agree, Judge. And in fact, this has delayed the county at least a year at this point. Because of that stay and the order to stay off the property, it's damaged and harmed the county. Did you go for an emergency stay on appeal? We appealed to this court, appealed the decision. The court had asked us to stay off the property. We did not go back to the district court, because the district court had made its intentions obviously very clear. We asked for expedited review of this court. Expedited review of what? Of our case. We asked if we could get this case, this hearing. We asked if we could get the case reviewed as quickly as possible. Well, if they had brought all these same five claims in federal court and state court, under abstention principles I've applied in the past, the abstention would be in order.  And the federal court would not decide the merits. It would wait for your state jurisprudence to decide. Call the shots, so to speak. Agreed. And this is where the district court in this case did exactly that, saying I'm going to abstain. But I'm going to find that there was a little concern. I'm going to enjoin the state process in the meantime. Exactly. And I think that was wholly inappropriate. That's what we're reviewing. That's all we're reviewing.  I reserve a little time for rebuttal, so if there are no further questions. Thank you. Mr. Purdon. Good morning. May it please the court. My name is Tim Purdon. I represent the Appellees, the Short family. They're present in the courtroom today. This court should affirm the district court's granting of the preliminary injunction below because the district court did not abuse its discretion in finding the data phase factors favored injunction, specifically the findings of the court. You know, the world has changed very significantly. Let's jump right into it. The ruling last Friday by the state district court judge is not a controlling ruling on the breach of contract case pending in federal court, and here's why. That doesn't get you off. That doesn't address the significance of that ruling to the preliminary injunction. Correct. That ruling, let me rephrase, Your Honor. That ruling is dicta, and it is interlocutory. It's certainly relevant for you to consider, but it's not.  What ruling is interlocutory and dicta? The ruling on the enforceability of the we won't condemn? No, no. I'm sorry, Your Honor. Clearly, I'm not being clear. Judge Haroff, the state court judge's ruling last Friday, purporting to grant and deny summary judgment on various claims. I read it yesterday. All right, so his order on the issue of the breach of contract, where he says you can't contract away your right to eminent domain, that is dicta in an interlocutory order, and I'll tell you why. Even if it's dicta, it can be appealed. It's interlocutory, correct. It's not a final order. So here's the breach of contract case. Maybe I'll take another step back. In federal court, there are two claims that are of import, our breach of contract claim on which the injunction was issued and our promissory estoppel claim. Judge Treanor in federal court granted an injunction on the breach of contract and said, now I'm going to step back and abstain because maybe Judge Haroff in the state court, maybe he will decide those claims. Last spring, those claims are not pled. Breach of contract and promissory estoppel are not pled in state court. That's an appeal of a quick take taking. And if you look at plaintiff's appendix, page 47 to 42, you'll see our notices of appeal in which we join the issues in the state court. No pleading of breach of contract, promissory estoppel. Last spring, we asked Judge Haroff. All of this is irrelevant to me, frankly. I don't understand how we now have a state condemnation that is one step left from being upheld on appeal, and we have a federal court order saying, and frankly, when it's final, your clients won't have title. They already don't have title. Yes, correct, correct, correct. Well, you're litigating that. Yes, correct. Fair enough, fair enough. Okay. But when the condemnation is final, they won't have title and they won't have standing in a federal court? Well, they will have standing on their breach of contract claim. Well, maybe for damages, but not for what the injunction does. And I think this is where – let me respond this way. Our breach of contract case is about the treatment of real property, and as such, the remedy we're seeking is not damages. It's specific performance of the 2021 contract. And you can't get that. Once the condemnation is final and when the – what you call interlocutory dicta, the ruling that the no condemnation agreement is unenforceable, may be void, but that doesn't even matter. It's unenforceable and the condemnation – Yeah, but just to be clear, Judge Haroff did not have that issue in front of him. It was not pled. We had asked him the issue of whether or not the contract in this case is specifically enforceable to stop the county. That issue was not pending before Judge Haroff, and he cannot decide it. Only Judge Treanor in federal court can decide that case. It's the only claim. Well, I'm sorry, but that is just me flat rolling. Well, Judge, with all due respect – For us to resolve – The issue of – The enforceability of the contract. It is in that – In terms of being – The data phase factors – In terms of being the possibility of success on the merits. Correct. You know, the court here found all the factors favored the issuance of this injunction. Likelihood of success on the merits is an important factor, but Judge Treanor found a very, very strong claim of irreparable harm here, given the unique nature, the beautiful nature of the Badlands farm, the destruction that would follow with any construction activity. He found that to be a very important factor. He also found that my clients had a fair chance to – Well, that's what we're talking about. Right. A fair chance to prevail on litigation about whether or not this contract was enforceable and subject to the remedy – That was dubious before, but I think it's clearly wrong now. Well, I disagree. I know you do. I think that we – You haven't told me why. Well, I'm going to tell you that, first of all, we don't have to decide here today whether or not that contract is enforceable or void. The issue here today is does my client have a fair chance to litigate that to a – And how? Counsel, in order to make that determination, shouldn't the district court, as part of its likelihood of success on the merits analysis, have looked at the enforceability of the contract? I think that's really the issue. So, certainly, I believe that it did, that he did, Your Honor. In the written order, he certainly – I mean, he lays out there's a contract, there's breach, there's injury. In the oral argument, he was very specific about the issue of the state's affirmative defense. That's what this is, an affirmative defense, right, that they have the burden on that – I don't think that's right. I don't think he assessed whether that's likely to be enforceable. He said, of course, that this was not an instance where the county had contracted away or given away its general power of eminent domain. He specifically said, page 286 and 296 in the appendix, the county can still use eminent domain against anyone else in Billings County, and it can use eminent domain for all other sorts of things on the short's property. This contract did not contract away the general power of eminent domain. In exchange for dismissal of three lawsuits and giving up right to attorney's fees, in exchange for that valuable consideration, the county agreed that it would not use eminent domain to build this bridge, this project on this specific parcel of land. Now, that has to mean something. It was a written contract. It's in the appendix at – Counsel, do you have authority that the description that you just gave of the uniqueness of this case is that there's legal authority for that being separate from the general statement of law that condemnation can't be delegated? Just for the record, the contract is in the appendix at 75. But I have not found a case that deals with this exact scenario. Now, I don't think that's surprising because, again, this written contract has to mean something. Here, the county's position is that if that – I want to read from the state court interlocutory dicta. Yep. Case law is replete with a clear view that a public body cannot contract away its eminent domain authority. Thus, to whatever extent the shorts are trying to claim that Billings County did not have the authority to act based upon the 2021 settlement agreement, summary judgment is hereby granted in favor of Billings County. Now, that ain't dicta. Well, I would urge you to look at the sentence before you, Your Honor, which says, the court has no intention of reviewing a contracts case and rights of parties under the contract in an appeal of a quick take case. So the judge is really – He's not saying there's nothing left of a contract claim. He's saying that what you're calling an affirmative defense, what I would call part of your prima facie case is a valid contract. He's saying you don't have one to rely on. Well, Judge, I disagree on the burden of proof, and that's brief. We don't have to get into that. But I understand what you're saying. What I'm saying is that Judge Haroff can't decide a claim that's not pending in front of him in state court. If one of the shorts had been hit by a – Wait, wait. He had no authority to grant summary judgment? Not on a claim that's not pending in front of him, and the breach of contract claim is not pled in that case. He asked for briefing last spring about whether or not it was he had jurisdiction over it. We gave him that briefing, and he ruled in our appendix, page 20 and 21, he held he did not have jurisdiction over the breach of contract.  I'm sorry? That's got – his administrative review authority did not include that. Correct. Minnesota law is quite comparable on that. And it's the same thing here. Then he steps – but I also have another hat I'm wearing. I've got this contract cape. Yeah, but he doesn't have – this is my point about why it's dicta. To appeal him. Well, when it's a final judgment, we may. Well, that'll be after a trial. I suspect that there are local rules, just like 2282. You know, you could take this up on interlocutory appeal. And we may. Again, the ruling was last Friday. We got rule 20.  Judge, just to return – It just wipes out the basis for the preliminary injunction. It is certainly relevant to the issue of likelihood of success on the merits. I'm not trying to diminish this ruling by a single state court judge. Also public versus private interest. Right. It may be irreparable harm, although I have some considerable sympathy with the trial court's view on that. Let me just say this about the likelihood of success on the merits, and, again, whether or not the shorts, my clients, have a fair chance in that litigation. The county's position is that this written contract that was entered into, signed by the parties, is unenforceable, void and unenforceable. What that means is that literally the day after this contract was signed, with the county promising not to use eminent domain on this particular property for this particular purpose, this particular bridge, and my clients dismissing three lawsuits and giving up their right to seek attorney's fees, that the county literally the next day could have used quick take and taken the land. This written agreement between the county and my clients has to mean something. It can't just be void because – It's, I think, significant. Did either party in the district court invoke the plea in Rule 65 to consolidate preliminary and permanent injunction issues when feasible? Which, to me, the district court should have done that. Should have combined them and had a final trial on the issue of permanent injunction. Neither party requested that, Your Honor. Well, there was a big blunder because now the state court has stepped in and taken the rug out from under you. I think the state court's ruling, again, I think it's dicta, I think it's interlocutory, I think it's relevant, but I don't think it creates the idea that my client doesn't have a fair chance of showing that this particular agreement – See, if it had been consolidated, then the right answer would have been abstention. And this trial on the merits you're pleading for wouldn't have happened. And the preliminary – and there wouldn't have been an injunction. It would have been unless there was an abstention stay, and that's an issue I've dealt with. Yeah. We are where we are. We have the procedural posture we have. I'm not disagreeing with you, but I think that this court has to decide, given the other – and let me be clear, again, in light of the district court's ruling. I'm happy to say this. The decision on likelihood of the merits, that's a relatively close question here, especially compared with the other three data phase factors, which clearly and overwhelmingly tilt in my client's favor. That's wrong. Well, I think that's my position. Well, I know it has to be, but I mean – But irreparable harm, Your Honor. You're saying they're undebatable. They're not debatable. Come on. Irreparable harm clearly favors my clients, Your Honor. I mean, this is – You know, that's very arguable. Well, to my point, Your Honor – Everything's arguable. Everything's arguable. No, in this situation. This is pretty unique. I think we have strong arguments. We have strong arguments on the other three factors. On the likelihood of success on the merits, again, did the court abuse its discretion in finding we had a fair chance based on the distinguishing nature of this being a contract dealing specifically with one parcel of land and a single bridge project? Counties settle eminent domain cases and give up their eminent domain power every day. They bring an eminent domain case. The person says, well, I'll accept X dollars. The county says, okay, we'll dismiss the eminent domain. We'll give you the X dollars. Case is settled. The next county commission doesn't come in and say, well, wait a minute. We paid too much. We gave up our right to – our general right to eminent domain, so we want to reopen. I mean, this is a contract, a settlement of a lawsuit dealing specifically with this issue, and as such, I think it distinguished itself from the cases. And, again, the general proposition, which I agree with, that a county can't pass an ordinance that says, until the end of time, we're not going to use eminent domain. That didn't happen. All of that, that's all legitimate state law issues. With all due respect, Your Honor, we ask that this case be affirmed and the injunction kept in place pending the outcome of the breach of contract trial and promissory estoppel trial in federal court. Thank you. Thank you. Thank you. Just a few things on rebuttal here. I have serious issues with some of the recitations of facts of the Shorts Council. When there's all these comments about what did we get out of the agreement, we gave up our right to attorney's fees and we dismissed three lawsuits. The actual facts in the record, two of those three lawsuits had already been dismissed and the appeal period had passed. The other one was pending with a motion for summary judgment on it. So there was one live case at that time. There was no giving up the right to a bunch of attorney's fees because there was no statutory right to attorney's fees under any of the claims. And so I'm not sure where all that comes from. It's a good sales pitch, but it has no basis in fact or law. And so it's important for you to know that. Mr. Purdon says, well, you know, it's not a general power of eminent domain. They're giving up. It's just a little bit of eminent domain. They're giving up. The law that we've cited doesn't make a difference. There's many cases where we're citing where it was, you know, even for a specific project they weren't going to take more land. And you know what the court said? You cannot give up the right of eminent domain, period. The shorts will tell you that you don't have a role. You shouldn't look at the enforceability of the contract. Just send it back to district court. And I will urge you to look at the enforceability of the contract because if you don't look at it now, we're going to be back in a year and we're going to be looking at it again. The same question is going to come to you because if the court makes the same kind of decision that the district court made on the preliminary injunction, we'll be right back here asking you to make a review of the enforceability of the contract. I don't think it's very difficult to figure out claims, maybe promissory estoppel, maybe unfair enrichment, maybe damages that can survive the unenforceability. Your Honor, I think that with promissory estoppel. Those may come back again, but you won't be able to wipe them out with this argument. I think if I may answer, I see I'm out of time. No, answer. For promissory estoppel, he said if there's no contract and it's promissory estoppel saying, well, this commissioner told me that it was permanent. That commissioner doesn't have the legal authority to bind the county to anything personally. Maybe at the time he did. Personal comments, personal statements, no. This is another thing in the record. That's the merits of the claims I'm saying may survive your client prevailing finally on the condemnation issue. But as a matter of law, you can't bring promissory estoppel against a municipality based on the comments of a commissioner. As a matter of state law. As a matter of state law, yes. Thank you very much. We just urge you to reverse. Thank you. Thank you, counsel. This case has a lot of moving parts. And our argument has touched on, I want to say most of them, but at least a lot of them. And it's been helpful and you've done well from my standpoint. So with that said, we'll take it under advisement.